United States District Court
Southern District of Texas

**ENTERED**

July 08, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FREDRICK UWAGBAI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-02791 |
| | § | |
| CREDENCE RESOURCE | § | |
| MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This dispute arises out of an alleged violation of the Telephone Consumer Protection Act. Frederick Uwagbai alleges that Credence Resource Management, LLC called him in violation of the Act on February 25, 2026.  Credence Resource moved to dismiss, arguing that Uwagbai's claim fails as a matter of law because Credence Resource did not place the calls for the purpose of solicitation.  (Docket Entry No. 17).  Based on the pleadings, the motions, the record, and the applicable law, the court grants the motion to dismiss.

**I.      Background**

On March 16, 2026, Fredrick Uwagbai sued Credence Resource Management, LLC for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (Docket Entry No. 1-1).  Credence Resource removed the case.  (Docket Entry No. 1).  Uwagbai alleges that Credence Resource violated the TCPA by calling him after he had registered his number with the national do-not-call registry.  (Docket Entry No. 1-1 at 10).

In support of his claim, Uwagbai submitted an image of his number's registration on the do-not-call registry, (Docket Entry No. 8 at 11), and an image of his call log, (Docket Entry No.

1-1 at 22).   The log shows: (1) a missed call from Credence Resource's phone number (+1 833.597.5580) to Uwagbai's phone number (619.419.6731) on February 25, 2026 at 12:48 p.m., (*id.*); (2) an outgoing call on February 25, 2026 at 1:01p.m. from Uwagbai to Credence Resource, (*id.*); and (3) an outgoing call on February 25, 2026 at 2:33 p.m. from Uwagbai to Credence Resource, (*id.*).

Uwagbai also submitted audio recordings of three calls between Uwagbai and Credence Resource. (Docket Entry No. 18).   In the first recording, a Credence Resource employee gave a short greeting; Uwagabi made no response; and the call then ended.   (Docket Entry No. 18, USB Exhibit 1).   In the second recording, a Credence Resource employee spoke with Uwagbai, who inquired about the missed call; Credence Resource's employee informed Uwagbai that they were trying to reach a "Crosby Uwagbai"; Uwagbai informed Credence Resource that Crosby is his deceased father and asked to be placed on Credence Resource's do-not-call list; Credence Resource agreed to update the information; Uwagbai asked for Credence Resource's address so he "can send something in"; and the Credence Resource's employee stated that he could not disclose that information. (Docket Entry No. 18, USB Exhibit 2).   In the third recording, Uwagbai requested information about Credence Resource's website and mailing address; the Credence Resource employee provided that information; and the call ended with Uwagbai's request that Credence Resource not call him again. (Docket Entry No. 18, USB Exhibit 3).

On May 15, 2026, Credence Resource moved to dismiss, arguing that Uwagbai's claim fails as a matter of law because Credence Resource did not place the calls for the purpose of solicitation.  (Docket Entry No**.** 17).   In response, Uwagbai submitted the audio files of the calls. (Docket Entry No. 18).   The motion is now ripe for ruling.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up); *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. 2025).

## III.     Analysis

Congress authorized the FCC to protect residential subscribers' privacy by establishing a national database of numbers of persons who object to telephone solicitations and by adopting rules requiring telemarketers to refrain from calling those numbers. *See* 47 U.S.C. §§ 227(c)(1)– (4). Section 227(c)(5) grants a private right of action to "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

3

regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). The implementing rules provide that no person or entity may initiate any "telephone solicitation" to residential subscribers who has registered their numbers on the do-not-call registry, subject to certain exceptions. 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined as the:

> initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

47 U.S.C. § 227(a)(4).

To state a claim under 47 U.S.C. § 227(c), the plaintiff must allege facts showing that: (1) the plaintiff's number was listed on the national do-not-call registry; (2) the defendant (or its agent) placed one or more "telephone solicitations" to that number; (3) there is no applicable exception; and (4) the defendant made more than one such call within a 12-month period. *See* 47 U.S.C. § 227(c)(5)(authorizing suit for "more than one telephone call within any 12-month period" in violation of the FCC's regulations); 47 C.F.R. § 64.1200(c)(2).

There is no allegation that Credence Resource placed more than one telephone solicitation call to Uwagbai. (Docket Entry No. 1-1 at 22). The call log shows that Credence Resource called Uwagbai once (the missed call) and that Uwagbai called Credence Resource twice. (*Id*.). The call recordings show that Uwagbai, not Credence Resource, initiated the second and third calls. (*See* Docket Entry No. 18, USB Exhibits 1–3). Section 227(c)(5) grants a right of action to "a person who has received *more than one* telephone call within any 12-month period . . . ." 47 U.S.C. § 227(c)(5) (emphasis added). Assuming that the missed call qualifies as a telephone solicitation, Ugwagbai received only one solicitation call placed by Credence Resource.

In *Butera v. Sugarhouse Real Estate Group, L.C.*, No. 2:25CV00014 DAK-DAO, 2025 WL 1798968 (D. Utah June 30, 2025), the plaintiff, whose number had been on the do-not-call registry since 2015, received a missed call from the defendant's number, called that number back, and reached voicemail without leaving a message. *Id.* at *1. The next day, he answered a second call from the same number and was solicited to relist an expired property. *Id.* The plaintiff sued under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). *Id.* The court held that although the first call could be treated as a solicitation at the pleading stage, the second call was a return call prompted by plaintiff's own callback and thus was not "unsolicited," meaning that the plaintiff failed to allege the required "more than one" telephone solicitation. *Id.* at *2.

In addition, the record does not show that the call from Credence Resources was a "telephone solicitation" as defined by 47 U.S.C. § 227(a)(4). At best, the audio recordings show that Credence Resource was trying to contact Uwagbai's father, that Uwagbai asked to be placed on Credence Resource's do-not-call list, and that Uwagbai asked for Credence Resource's mailing address. (*See* Docket Entry No. 18, USB Exhibits 1–3). The audio recordings do not show that Credence Resource was encouraging the purchase, rental, or investment of property, goods, or services. The audio recordings, the call log, and the image of Uwagbai's registration on the do-not-call list fail to establish that the call was a telephone solicitation as required for a violation of the TCPA.

Uwagbai has not shown that Credence Resource violated the TCPA. Uwagbai alleges Credence Resource violated the TCPA by calling him after he had registered his number with the national do-not-call registry. (Docket Entry No. 1-1 at 10). One missed call to Uwagbai's phone number is not a violation of the TCPA. Uwagbai has failed to plead facts showing that Credence Resource: (1) initiated more than one telephone call; (2) for the purpose of encouraging the

purchase, rental, or investment of property, goods, or services; (3) within a 12-month period; (4) after Uwagbai had registered his number with the national do-not-call registry.

## IV.    Conclusion

The motion to dismiss, (Docket Entry No. 17), is granted, with prejudice, because amendment would be futile.  Final judgment is separately entered.

SIGNED on July 8, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge